Dale Joseph MCCOLLUM,
Petitioner—Appellant,

v.

Frankie Sue Del PAPA; et al.,
Respondents—Appellees.

No. 06–15500.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 14, 2007.

Submission withdrawn on March 28, 2007.

Resubmitted on Aug. 10, 2007.

Filed Aug. 14, 2007.

Anne R. Traum, Esq., Federal Public Defender's Office, Las Vegas, NV, for Petitioner–Appellant.

David K. Neidert, Esq., Office of the Nevada Attorney General, Reno, NV, for Respondents–Appellees.

Before: B. FLETCHER, CLIFTON, and IKUTA, Circuit Judges.

## MEMORANDUM *

■ The state court's determination that there was sufficient evidence to sup-

port McCollum's second-degree murder conviction was not "contrary to," or "an unreasonable application of," Supreme Court precedent. 28 U.S.C. § 2254(d)(1). Although the state court did not cite *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), it applied the test enunciated therein and thus its decision was not contrary to Supreme Court precedent. *See Early v. Packer*, 537 U.S. 3, 8, 123 S.Ct. 362, 154 L.Ed.2d 263 (2002) (per curiam). The state court's decision that a rational jury could have found malice beyond a reasonable doubt was reasonable, given the eyewitness testimony of Grate and Banks.

■ Similarly, the state court's rejection of McCollum's three claims of ineffective assistance of counsel was not contrary to nor an unreasonable application of *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), which was cited and relied on by the state court. The state court did not apply *Strickland's* deficiency prong on the first two claims, but "there is no reason for a court deciding an ineffective assistance claim … to address both components of the inquiry if the defendant makes an insufficient showing on one." *Strickland*, 466 U.S. at 697, 104 S.Ct. 2052.

First, on the lesser-included offense instruction, the state court's determination that McCollum suffered no prejudice was not objectively unreasonable given the uncontradicted eyewitness testimony of Grate and Banks. McCollum argues that the state court's conclusion was based on a determination that there was sufficient evidence to support a second-degree murder conviction pursuant to *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

(1979), and therefore its reasoning was contrary to Supreme Court precedent. However, even if the state court had unreasonably applied Supreme Court precedent, thus satisfying the requirement in § 2254(d)(1), we could not grant McCollum's petition unless we also determine, on de novo review, that McCollum's counsel's performance was constitutionally deficient under *Strickland*. *See Panetti v. Quarterman*, —— U.S. ——, 127 S.Ct. 2842, 2858–59, 168 L.Ed.2d 662 (2007). No such deficiency is present here.

There is no dispute that McCollum, who was fully competent, insisted that his defense counsel refrain from requesting a lesser-included offense instruction, even after his counsel advised against this approach and warned McCollum about the risks of not requesting a lesser-included offense instruction. McCollum even signed a Memorandum of Understanding to this effect. Although McCollum has pointed to cases indicating that it is not ineffective assistance of counsel when a defense counsel ignores his client's directions with respect to jury instructions, *see, e.g., Cannon v. Mullin*, 383 F.3d 1152, 1167 (10th Cir.2004), we are aware of no case suggesting it is ineffective assistance of counsel when a defense counsel complies with his competent client's strongly expressed directions on jury instructions. Under the specific circumstances of this case, McCollum has failed to overcome the "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance," *Strickland*, 466 U.S. at 689, 104 S.Ct. 2052. Thus, even were we to reach the merits, this claim would fail.

On McCollum's second ineffective assistance of counsel claim, the state court's determination that McCollum was not prejudiced by his counsel's failure to object to the prosecutor's statements regarding Sweeney's credibility was reasonable. Because Sweeney testified only as to events preceding those witnessed by Grate and Banks, who provided ample evidence that McCollum acted with malice, a successful objection would have had little effect on the verdict.

Finally, it was reasonable for the state court to determine that defense counsel did not render ineffective assistance by failing to argue that Moniz's death was caused by medical problems unrelated to his brain injury. Counsel examined all of the medical records and thoroughly investigated the possibility of an alternate cause, but found no evidence to support such a claim. In addition, McCollum has presented no medical evidence that would support an intervening-cause argument, and thus fails to show prejudice.

**AFFIRMED.**